IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **John DOE** and **Jane DOE**, individually and as next friends of **Sarah DOE**, a minor, | § § § § | |
| | § | CIVIL ACTION NO. _____ _____ |
| v. | § § | (JURY DEMANDED) |
| **LA JOYA INDEPENDENT SCHOOL DISTRICT** | § § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

#### -- INTRODUCTION --

1. This is an action for money damages brought on behalf of a minor child by her parents against the La Joya Independent School District arising out of the sexual harassment and assault of the child by one of the District's teachers. The abuse began when the child was twelve (12) years-old, and occurred over a period of months spanning the child's sixth and seventh grade school years. The abuse occurred on the District's premises. The child remains enrolled in the District. The child's right of action is implied under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.*

#### -- PARTIES --

##### *Plaintiff*

2. Plaintiff Sarah Doe is a minor and a resident of Hidalgo County, Texas. Her parents, who are adult residents of Hidalgo County, Texas, sue on her behalf as her next friend. Her parents also sue individually for those expenses they have incurred in the past and are reasonably likely to occur in the future, until their daughter reaches eighteen (18) years of age, for her medical care arising out the sexual harassment and abuse.

*Defendant*

3.     Defendant La Joya Independent School District (the "District") is a political subdivision of the State of Texas.

## -- JURISDICTION AND VENUE --

4.     Pursuant to 28 U.S.C. §1331, this Court has original, federal question jurisdiction over Plaintiff's implied claims under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.* ("Title IX").

5.     Venue is proper in the Southern District of Texas because the conduct of which Plaintiff complains occurred in this District. 28 U.S.C. §1391(b)(2).

## -- FACTS --

6.     During the 2011-2012 academic school year, Sarah Doe was enrolled as a sixth-grade student at the District's Domingo Treviño Middle School. At that time, Jesus Peña was employed by the District as an Assistant Band Director at Treviño Middle School. Sarah Doe was a student in Peña's band class, which also was taught by a head band director. The head band director supervised Peña.

7.     During the latter half of the 2011-2012 academic school year, Peña began to groom Sarah Doe for abuse by spending an inordinate amount of time with her, frequently pulling her out of her other classes to tutor her in band, escorting her to her other classes, and confiding things of a personal and, therefore, inappropriate nature to her.

8.     By the end of the 2011-2012 academic school year, Peña's supervisor, the head band director, was aware of Peña's inappropriate behavior toward Sarah Doe. As Peña's supervisor, the head band director had the authority to take corrective action to stop Peña's inappropriate behavior toward Sarah Doe but failed to do so.

9. At the end of the 2011-2012 school year, Peña gave Sarah Doe a cellular telephone so as to communicate with her during the summer months.

10. During June 2012, Peña invited Sarah Doe to participate in a band camp at Treviño Middle School. During this camp, Peña's inappropriate behavior toward Sarah Doe escalated into hugging and kissing her on the school grounds. At one point, a custodian at the School witnessed Peña hugging and kissing Sarah Doe on the school grounds and, upon information and belief, reported this conduct to the Treviño Middle School principal and/or one or more assistant principals and/or teachers. Despite actual knowledge of this conduct, Treviño Middle School administrators and other staff and teachers failed to prevent Peña from continuing to abuse Sarah Doe.

11. The inappropriate behavior by Peña toward Sarah Doe continued throughout the summer of 2012, including frequent telephone calls and text messages and the exchange of photographs of a sexual nature.

12. In August 2012, Peña concocted a scheme to lure Sarah Doe to the Treviño Middle School campus for the purpose of sexually assaulting her. The scheme involved a fictitious band camp that Peña supposedly was conducting when, in fact, the only student attending the "camp" was Sarah Doe. Once Sarah Doe was on the Treviño school grounds, Treviño sexually assaulted her there.

13. At the start of the 2012-2013 academic school year, the District promoted Peña to the position of head band director at Treviño Middle School. And Sarah Doe once again was a student in Peña's band class.

14. Peña's pursuit of Sarah Doe continued during the fall of 2012. During this time, Peña showered Sarah Doe with gifts and personal items.

15. Sometime around late September or early October 2012, Peña told Sarah Doe that Treviño Middle School administrators, including either the principal and/or one or more assistant principals and/or other teachers, were aware of their inappropriate relationship, and were aware that the custodian had seen them hugging and kissing at the School during the June 2012 band camp. Following that conversation, Sarah Doe confided to one of her teachers that Peña had pursued an inappropriate relationship with her. Upon information and belief, such teacher communicated this information to Treviño Middle School administrators, including either the principal and/or one or more assistant principals. Notwithstanding such actual knowledge of the inappropriate relationship between Peña and Sarah Doe, Treviño Middle School administrators and other staff and teachers failed to stop Peña from continuing to abuse Sarah Doe. Throughout the remainder of Fall 2012, Peña continued to pursue Sarah Doe, and continued to hug and kiss her on school grounds.

16. During the 2012 Thanksgiving holidays, Sarah Doe confided to her parents that Peña had pursued an inappropriate relationship with her. Her parents then confronted Treviño Middle School administrators.

17. On or about November 29, 2012, Peña was arrested and charged with aggravated sexual assault of a child. He pleaded guilty and was sentenced to incarceration.

-- DAMAGES --

18. Sarah Doe has sustained in the past and, in reasonable probability, will sustain in the future actual damages for physical pain and mental anguish, as well as medical care expenses, as a result of the above-mentioned conduct.

## -- CAUSES OF ACTION --

### *Implied Right of Action Under Title IX*

19. Title IX provides in pertinent part that "no person...shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a).

20. The United States Supreme Court has held that Title IX is enforceable through an implied private right of action, and that monetary damages are available in the implied private action. See *Cannon v. University of Chicago*, 441 U.S. 677, L.Ed.2d 560, 99 S.Ct. 1946 (1979), and *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 117 L.Ed.2d 208, 112 S.Ct. 1028 (1992), and their progeny.

21. At all times relevant herein, the District has received Federal financial assistance within the meaning of 20 U.S.C. §1681(a).

22. Peña's pursuit of Sarah Doe during the 2011-2012 and 2012-2013 academic years, including, *inter alia*, hugging her, kissing her, giving her gifts, exchanging photographs of a sexual nature with her, and sexually assaulting her, constitute discrimination on the basis of her sex within the meaning of Title IX.

23. Since as early as the Spring semester of the 2011-2012 school year, District personnel with the authority to take corrective action to end Peña's discrimination of Sarah Doe had actual knowledge of, but were deliberately indifferent toward, such discrimination and failed to bring it to an end. Such conduct proximately and directly caused Sarah Doe's above-described damages. Therefore, pursuant to Title IX and *Cannon*, *Franklin*, and their progeny, the District is liable to Sarah Doe for those damages.

## 42 U.S.C. §1988

24. Pursuant to 42 U.S.C. §1988(b), Sarah Doe is entitled to reasonable attorney's fees as part of her costs for enforcing her rights under Title IX.

## -- REQUEST FOR RELIEF --

25. John Doe and Jane Doe, individually and as next friends of their daughter, Sara Doe, request that the La Joya Independent School District be adjudged liable to them and to Sara Doe for (1) all of the actual damages that they have sustained as set forth above, (2) all lawful prejudgment and post-judgment interest, (3) costs of court, including reasonable attorney's fees, and (4) general relief.

Respectfully submitted,

Ricardo A. Garcia
State Bar of Texas No. 07643200
S.D. Tex. No. 1095
Lino H. Ochoa
State Bar of Texas No. 00797168
S.D. Tex. No. 272425
Jody R. Mask
State Bar of Texas No. 24010214
S.D. Tex. No. 23909
Alberto L. Guerrero
State Bar of Texas No. 00790800
S.D. Tex. No. 18090

**GARCIA, OCHOA & MASK, LLP**
820 South Main Street
McAllen, TX 78501
Tel. No.: 956/630-2882
Fax No.: 956/630-5393

By: /s/
Alberto L. Guerrero

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

Douglas E. Dilley
State Bar of Texas No. 05872000
S.D. Tex. No. 10119
Hella V. Scheuerman
State Bar of Texas No. 24001822
S.D. Tex. No. 28440

**DILLEY LAW FIRM**
635 South Presa Street
San Antonio, TX 78210
Tel. No.: 210/225-0111
Fax No.: 210/228-0493

**OF COUNSEL TO PLAINTIFFS**